FILED

10 NOV 30 AM 10: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A. as acquirer of certain assets of WASHINGTON MUTUAL BANK from the FDIC acting as receiver,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON RIGGS JR aka GORDON L. RIGGS, individually and dba RIGGS CONCRETE,<br><br>Defendant. | CASE NO. 10cv2053 BEN (AJB)<br><br>**ORDER GRANTING MOTION TO REMAND** |

## INTRODUCTION

On October 1, 2010, Defendant Gordon L. Riggs removed this case from state court. Defendant asserted in his Notice of Removal that this Court had jurisdiction based on the allegations of his cross-complaint. Specifically, Defendant asserted "Defendant is filing a Cross-complaint for damages suffered as a result of Plaintiff's violation of Security Fraud, under USC 77q, 17 C.F.R. 240. 10b."[1] Plaintiff JP Morgan Chase timely moved to remand the case to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Plaintiff also requests the Court order Defendant to pay Plaintiff $1350.00 in attorneys' fees incurred as a result of removal. Defendant did not file an

---

[1]On the same day, Defendant filed an Answer and counter-claim. He asserts counter-claims for securities fraud.

- 1 -

10cv2053

1  opposition to the motion.  Because the Court lacks subject matter jurisdiction, the Court **GRANTS**

2  Plaintiff's Motion and **REMANDS** the action to state court under 28 U.S.C. § 1447(c) and awards

3  Plaintiff $1012.50 in attorneys' fees.

**BACKGROUND**

5  The allegations of Plaintiff's Complaint are straightforward and brought under state law.

6  Plaintiff issued Defendant a line of credit.  Defendant utilized the line of credit, but eventually failed

7  to make payments due under the terms of the Note.  Defendant has been in default under the Note since

8  April 16, 2010.  Based on the foregoing, Defendant owes Plaintiff $38,210.55 together with interest,

9  late fees, and other collection costs.

10  Plaintiff filed its Complaint in state court asserting only two claims: (1) Breach of Contract and

11  (2) Money Lent.  The Complaint asserts no federal claims.  Defendant's counter-claim alleges that the

12  Court has jurisdiction based on 28 U.S.C. § 1331 and asserts claims for Securities Fraud under 15

13  U.S.C. § 77q, Securities Fraud under the Securities and Exchange Act of 1934 §§ 10b, 12(a), and Civil

14  Conspiracy under 18 U.S.C. § 371.

**DISCUSSION**

16  **A.    Remand**

17  Plaintiff moves to remand based on the absence of subject matter jurisdiction.  An action is

18  removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C.

19  § 1441(a).  The removal statute is "strictly construe[d] . . . against removal jurisdiction."  *Gaus v.*

20  *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  "Federal jurisdiction must be rejected

21  if there is any doubt as to the right of removal in the first instance."  *Id.*  "Th[is] 'strong

22  presumption' against removal jurisdiction means that the defendant always has the burden of

23  establishing that removal is proper."  *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*,

24  903 F.2d 709, 712 n.3 (9th Cir. 1990).  Defendant has not met this burden.

25  Federal courts have "original jurisdiction" over "all civil actions arising under the

26  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under"

27  federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the

28  cause of action" or that the plaintiff's "right to relief under state law requires resolution of a

1   substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v.*

2   *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see also Empire*

3   *Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Plaintiff's well-pleaded

4   complaint contains only state law claims and those claims do not implicate any questions of federal

5   law. The Court does not have jurisdiction based on Plaintiff's Complaint and Defendant's

6   questionable allegations asserted in his counter-claim do not provide a basis for jurisdiction.

7   "[R]emovability cannot be created by defendant pleading a counter-claim presenting a federal

8   question." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

9           Plaintiff's motion to remand is **GRANTED** and the case is remanded to state court.

10   **B.     Attorneys' Fees**

11          Plaintiff also requests $1350.00 in attorneys' fees associated with the removal. An order

12   remanding a case to state court may require the removing party to pay the other party's costs, including

13   attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). "Absent unusual

14   circumstances, attorney's fees should not be awarded when the removing party has an objectively

15   reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting

16   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). However, there is no presumption in

17   favor of granting or denying attorneys' fees. *Martin*, 546 U.S. at 139 ("[W]e see nothing to persuade

18   us that fees under § 1447(c) should either usually be granted or usually be denied.").

19          Defendant had no objectively reasonable basis for removal. Plaintiff's Complaint stated only

20   state law claims and as discussed above, a cross-claim cannot provide a basis for removal jurisdiction.

21   Additionally, the questionable nature of Defendant's counter-claims suggest that Defendant's removal

22   was simply a delaying tactic. Finally, despite weeks to respond and being the party with the burden

23   of establishing that removal is proper, Defendant did not file any opposition to this motion.

24          Accordingly, Plaintiff's request for attorneys' fees is **GRANTED**. However, the Court only

25   awards Plaintiff $1012.50 in attorneys' fees for preparation of this motion. The additional fees sought

26   based on preparation of a Reply brief and appearance for a hearing on the motion will not be awarded

27   because no reply brief was necessary and the matter was decided by the Court on the papers.

28   ///

1

**CONCLUSION**

2       Plaintiff's motion to remand is **GRANTED** and Plaintiff is awarded $1012.50 in attorneys'

3   fees.  The case is remanded to state court.  The December 6, 2010 hearing date is vacated.

4

5   **IT IS SO ORDERED.**

6

7   DATED: November *29*, 2010

8                                        Hon. Roger T. Benitez
                                     United States District Court Judge

- 4 -